N THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV276-1-W
3:05CR97

| | | |
|---|---|---|
| DEJUAN WALKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** comes before the Court for upon Petitioner's Motion to Vacate, Set

Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), filed July 6, 2009;

Respondent's Answer (Doc. No. 14), filed March 24, 2010; and Petitioner's Affidavit[1] (Doc. No.

17), filed April 27, 2010.

In its response to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, the

Government concedes the validity of Petitioner's Career Offender claim. That is, the

Government concedes that Petitioner should not have been sentenced as a career offender. This

Court agrees and will resentence Petitioner.

Petitioner also continues to argue that his criminal history was incorrectly calculated and

---

[1] Petitioner styles his response to the Government's Motion for Summary Judgment as an affidavit conceding to the proposed resolution. Petitioner then proceeds to set forth the exact terms to which he wants to be resentenced. Petitioner has misconstrued the Government's response to his Motion to Vacate and the result of the Government's concession on Petitioner's career offender status. As a result of the Government's concession, Petitioner will be resentenced. At that time, Petitioner can argue the correct calculation of his criminal history and the effect on his sentence of his loss of a career offender designation.

that his counsel was ineffective for failing to challenge the calculation of his criminal history. Petitioner's criminal history will be recalculated for his resentencing hearing and need not be determined at this time.

Petitioner also alleges that his Rule 11 hearing was invalid and that his counsel was ineffective for failing to object on that basis. Petitioner does not address this claim in his response to the Government's Answer to his Motion to Vacate and this Court considers it abandoned. Moreover, the Court has reviewed the record in this case and finds that Petitioner's conclusory claim regarding his Rule 11 hearing is not supported by the record.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. As set forth above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **GRANTED in part and DENIED in part;**

2. The Clerk is directed to vacate Petitioner's sentence;

3. Petitioner's conviction will remain undisturbed and he will remain in the custody of the Bureau of Prisons pending his resentencing;

4. The Court will schedule Petitioner's resentencing hearing by separate order; and

5. The Clerk is directed to send a copy of this Order to the U.S. Marshals and to the Probation Department.

Signed: May 5, 2010

Frank D. Whitney
United States District Judge

2